# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  SHAMYRA T. TALLEY,                    )<br>                                                              )<br>            Plaintiff,                              )<br>                                                              )<br>v.                                                          )<br>                                                              )<br>1.  BRINKER OKLAHOMA, INC, also  )<br>     known as CHILI'S OKLAHOMA,   )<br>     INC.,                                             )<br>2.  BRINKER INTERNATIONAL            )<br>     PAYROLL COMPANY, L.P., doing )<br>     business as CHILI'S GRILL & BAR )<br>     and CHILI'S HAMBURGER GRILL )<br>     AND BAR, INC.,                              )<br>3.  BRINKER INTERNATIONAL,           )<br>     INC.,                                             )<br>                                                              )<br>            Defendants.                         ) | Case No.  CIV-16-451-W<br>                  _____<br><br>**ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED!** |

## COMPLAINT

Plaintiff, SHAMYRA T. TALLEY, by and through her counsel of record, THE BATTLE LAW FIRM, PLLC, respectfully files this Complaint against Defendants, BRINKER OKLAHOMA, INC., also known as CHILI'S OKLAHOMA, INC.; BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., doing business as CHILI'S GRILL & BAR and CHILI'S HAMBURGER GRILL AND BAR, INC.; and BRINKER INTERNATIONAL, INC. (collectively referred to as "**Defendants**"), as follows:

# I.
# THE PARTIES

1.   Plaintiff Shamyra T. Talley ("**Plaintiff**" or "**Talley**") is an individual adult female who resides in Oklahoma County, Oklahoma.

2.   Upon information and belief, Defendant, Brinker Oklahoma Inc. ("**Brinker Oklahoma**"), also known as Chili's Oklahoma, Inc., is a domestic for-profit business corporation that conducts business in Oklahoma County, Oklahoma.

3.   Upon information and belief, Defendant, Brinker International Payroll Company, L.P., ("**Brinker Payroll**"), also known as Chili's Grill and Bar and Chili's Hamburger Grill and Bar, Inc., is a foreign for-profit business entity, that conducts business in Oklahoma County, Oklahoma.

4.   Upon information and belief, Defendant, Brinker International, Inc., ("**Brinker International**"), is a foreign for-profit business corporation that conducts business in Oklahoma County, Oklahoma.

# II.
# JURISDICTION & VENUE

5.   This civil action is based upon claims of sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

6. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

7. Plaintiff exhausted her administrative remedies by submitting an Intake Questionnaire dated July 20, 2015, and a Charge of Discrimination dated July 20, 2015, with the Equal Employment Opportunity Commission ("**EEOC**"). The EEOC issued its Dismissal and Notice of Rights letter dated February 9, 2016. Plaintiff hereby files this action within ninety (90) days of receipt of her Dismissal and Notice of Rights letter from the EEOC.

8. Defendants have availed themselves to the jurisdiction of the United States District Court of the Western District of Oklahoma by conducting business in Oklahoma County, Oklahoma. Furthermore, Brinker Oklahoma may be served at The Prentice-Hall Corporation System, Oklahoma, Inc. at 115 SW 89th Street, Oklahoma City, OK 73139

9. Furthermore, all acts complained of in this Complaint occurred in Oklahoma County, Oklahoma. Because Oklahoma County is located within the Western District for the United States District Courts of Oklahoma, venue is proper in this Court under 28 U.S.C. § 1391(b).

## III.
## STATEMENT OF FACTS

10. Plaintiff began her employment with Defendants on or about June 3, 2014, as a server. Defendants jointly employed Plaintiff at all times relevant to this Lawsuit.

11. Defendants' operate several restaurants across the State of Oklahoma and across the nation. The tradenames for the restaurants that the Defendants operate in the State of Oklahoma is Chili's Grill & Bar and Chili's Hamburger Grill and Bar, Inc.

12. Shortly after beginning her employment with Defendants, Plaintiff was subject to a hostile work environment.

13. In the summer of 2014, a male cook who was employed by Defendants grabbed Plaintiff's breast.

14. Shortly thereafter, Terry Satterwhite ("**Satterwhite**"), the general manager of the Chili's Restaurant where Plaintiff was employed, told Plaintiff that "he wish[es] he could've grabbed Plaintiff's breast".

15. Also, Plaintiff was referred to as "Big Booty Judy" and "Thickums" by other co-workers. The aforementioned comments were considered offensive by Plaintiff and were unwelcome.

16. Also, around Fall 2014, Satterwhite made crude and unwelcome sexual advances towards Plaintiff.

17. December 2014, Satterwhite placed Plaintiff's hand on his genitals without Plaintiff's consent.

18. Plaintiff complained to multiple managers about the pervasive harassment.

19. On or about July 6, 2015, Plaintiff met with Chris Gravens, area director, and he transferred Plaintiff to another restaurant.

## IV.
## THEORIES OF RECOVERY
### A.
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (HOSTILE WORK ENVIRONMENT)

Plaintiff incorporates all prior allegations and further alleges and states as follows:

20. Defendants violated federal law by maintaining a hostile work environment that discriminated against employees on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* and as is more specifically defined in *Meritor Savings Bank v. Vinson,* 477 U.S. 57 (1986).

21. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

22. Because Defendants' actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights. As such, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

### B.
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

23. Defendants violated federal law by retaliating against Plaintiff for complaining about the hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

24. Plaintiff's complaining about the hostile work environment was a protected activity under Title VII, Defendants subjected Plaintiff to an adverse employment action, and there is a causal link between Plaintiff complaining and the adverse activity. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

25. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

26. Defendants' actions were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights and as such, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, emotional distress damages, and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, and all other relief as this Court may deem equitable and appropriate and allowed by law.

Respectfully submitted,

S/Charles T. Battle
Charles T. Battle, OBA #22486
THE BATTLE LAW FIRM, PLLC
1415 N.W. 43rd Street
Oklahoma City, OK 73118
Phone: (405) 420-0082
Fax: (405) 416-5492
Email: charles@battlelawfirmok.com
***ATTORNEY FOR PLAINTIFF SHAMYRA T. TALLEY***

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED!**