IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAMYRA TALLEY, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § § § § § § | Case No. CIV-16-451-W |
| BRINKER OKLAHOMA, INC. also known as CHILI'S OKLAHOMA, INC., BRINKER INTERNATIONAL PAYROLL COMPANY, L.P., doing Business as CHILI'S GRILL & BAR And CHILI'S HAMBURGER GRILL AND BAR, INC., BRINKER INTERNATIONAL, INC. | | |
| Defendants. | | |

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION
AND OPENING BRIEF IN SUPPORT**

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, Defendant Brinker International Payroll Company, L.P., erroneously identified herein as Defendants Brinker Oklahoma, Inc. also known as Chili's Oklahoma, Inc., Brinker International Payroll Company, L.P., doing business as Chili's Grill & Bar and Chili's Hamburger Grill and Bar, Inc. and Brinker International, Inc. ("Brinker" or "Defendant") moves the Court to dismiss (or in the alternative stay) this action and compel arbitration of this matter.

**I.   INTRODUCTION**

The Federal Arbitration Act ("FAA") mandates the enforcement of arbitration agreements according to their terms no matter what state law or policy might be invoked

as a basis for non-enforcement. Where, as here, the parties have agreed to resolve all disputes through binding arbitration, such agreements are fully enforceable. Arbitration is the elected and required forum for resolving Plaintiff's claims, which are fully within the scope of the Agreement to Arbitrate to which Plaintiff was subject as an employee of Brinker. Accordingly, Brinker asks the Court to compel arbitration of Plaintiff's claims and dismiss this action.

## II.  MOTION TO COMPEL ARBITRATION

### A.  Statement of Facts

Plaintiff was employed with Brinker on numerous occasions and multiple locations, beginning on January 14, 2006. *See* Exhibit 1, Declaration of Chris Gravens ("Gravens Decl.") ¶ 4. Most recently, Plaintiff was employed with Brinker on June 4, 2014 at its NW Expressway, Oklahoma location and remains an employee of Brinker. *See* Gravens Decl. ¶ 4. At all times during Plaintiff's employment, Brinker maintained a well-publicized and mandatory policy requiring its team members to agree to resolve all disputes arising out of or relating to their employment through binding arbitration on an individual basis. *See* Gravens Decl. ¶¶ 4-13.

Over the years, Brinker has used various methods for communicating with applicants and team members about its arbitration policy and its Agreement to Arbitrate. *See* Gravens Decl. ¶¶ 4-13. For example, Brinker's employment application forms include an express requirement that each candidate for employment read and acknowledge his or her intent to be bound by the company's Agreement to Arbitrate as a condition of being

considered for employment.  *See* Gravens Decl. ¶¶ 5, 6 & Ex. 1-1 (Employment Application) ("The Agreement to Arbitrate accompanying this application must be read and signed in order for you to be considered for employment with the Company.").

Throughout this time period, Brinker has also maintained and distributed a document containing the policies and procedures applicable to its team members, which includes the full text of the Agreement to Arbitrate.  *See* Gravens Decl. ¶ 10 & Ex. 1-5. Until 2010, this document was referred to as the "Hourly Team Member Handbook," or the "Brinker Hourly Employee Handbook."  *See id.*  Since 2010, this document is known as the "Team Member Policies and Procedures Manual." *See id.*  For the sake of consistency, this document is referred to throughout this motion as the "Handbook."  *See id.*  As part of its standard orientation process, Brinker makes the Handbook available to all team members through the company's well-publicized intranet site, and hard copies are also available upon request.  *See id.*

Each version of the Handbook in effect during the period of Plaintiff's application and employment included the Agreement to Arbitrate, as well as an express advisement and acknowledgement that the Agreement to Arbitrate is a binding agreement. *See, e.g.*, Gravens Decl. ¶ 11 & Ex. 1-5 ("I understand that this Manual is not and was not intended to serve as a contract between Brinker International Payroll Company, L.P. ("Brinker"), or any of its related companies, and myself regarding the nature or duration of my employment, or any promise of future benefits, with the exception of the Agreement to Arbitrate."). Each version of the Handbook in effect during the period of Plaintiff's

application and employment has also included an express advisement that the Agreement to Arbitrate could be amended or modified upon reasonable notice. *See, e.g.*, Gravens Decl. ¶ 12 & Ex. 1-5 ("If Brinker amends or terminates the Agreement to Arbitrate, the amendment or termination shall not be effective until 10 days after reasonable notice of the amendment or termination is given to Team Member . . .").

In addition to the Agreement to Arbitrate and related acknowledgments contained in the Brinker applications for employment and the Handbook, Brinker also made use of stand-alone versions of its Agreement to Arbitrate at all times during Plaintiff's application and employment. *See* Gravens Decl. ¶¶ 7-8 & Exs. 1-2 to 1-4. The stand-alone versions of the Agreement to Arbitrate are substantively identical to the versions contained in the applications and the Handbook. *See* Gravens Decl. ¶ 11. Most recently, on June 4, 2014, Plaintiff signed the stand-alone Agreement to Arbitrate. *See id*.

Each version of the Agreement to Arbitrate in effect during Plaintiff's application and employment has included robust language making clear that *all* disputes arising out of or relating to a team member's engagement with or termination from Brinker is subject to mandatory, binding arbitration. *See* Gravens Decl. ¶¶ 8 & Exs. 1-2 to 1-4. The version of the stand-alone Agreement to Arbitrate that Plaintiff executed on June 4, 2014, provides, in pertinent part:

> Brinker International Payroll Company, L.P. ("Brinker") makes available certain internal procedures for amicably resolving any complaints or disputes you have relating to your employment. However, if you are unable to resolve any such complaints or disputes to your satisfaction internally, *the resolution of all disputes that arise between you and Brinker will be through formal,*

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**
**AND OPENING BRIEF IN SUPPORT**

> *mandatory arbitration before a neutral arbitrator*.
>
> Because of, among other things, the delay and expense which result from the use of the court systems, *any legal or equitable claims or disputes arising out of or in connection with employment, terms and conditions of employment, or the termination of employment with Brinker will be resolved by binding arbitration instead of in a court of law or equity*.  This agreement applies to all disputes involving legally protected rights (e.g., local, state and federal statutory, contractual or common law rights) regardless of whether the statute was enacted or the common law doctrine was recognized at the time this agreement was signed.  This agreement does not limit an employee's ability to complete any external administrative remedy (such as with the EEOC).
>
> This Agreement to Arbitrate substitutes one legitimate dispute resolution form (arbitration) for another (litigation), thereby waiving any right of either party to have the dispute resolved in court. This substitution involves no surrender, by either party, of any substantive statutory or common law benefits, protection or defense.

*See* Gravens Decl. ¶¶ 8 & Ex. 1-2.

Each version of the Agreement to Arbitrate in effect during Plaintiff's application and employment has also set forth the rules for the arbitration, including, among other things: where the arbitration will be held, the representation of the parties, statutes of limitation, discovery, and the manner in which the arbitrator will be selected.  *See* Gravens Decl. ¶ 7 & Exs. 1-2 to 1-4.

**B.   Argument**

    **1.  Plaintiff Is Required to Resolve this Dispute through Binding Arbitration.**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, applies to arbitration agreements in employment contracts.  *Circuit City v. Adams,* 532 U.S. 105 (2001); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482 (10th Cir. 1994) (finding Title

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**
**AND OPENING BRIEF IN SUPPORT**

VII claims subject to compulsory arbitration). The FAA creates a strong presumption in favor of the enforcement of an agreement to arbitrate. *P & P Indus., Inc. v. Sutter Corp.*, 179 F. 3d 861, 871 (10th Cir. 1999); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (providing that the FAA reflects a "liberal federal policy favoring arbitration agreements."). Courts have thus long recognized the existence of a "strong federal policy" favoring arbitration. *Metz*, 39 F.3d at 1488 (10th Cir. 1994) (citing *Peterson v. Shearson/American Express*, 849 F.2d 464, 465 (10th Cir. 1998)).

"Arbitration allows for speedy and less costly resolution of conflicts." *Rollings v. Thermodyne Indus., Inc.,* 910 P.2d 1030, 1033 (Okla. 1996)). Avoiding the costs of litigation is "a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts," and the FAA should be construed to promote the "efficacy of alternative dispute resolution procedures adopted by many of the Nation's employers." *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 123 (2001).

The Court's role under the FAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *See Dumais v. American Golf Corp.*, 299 F.3d 1216, 1219-20 (10th Cir. 2002); 9 U.S.C. § 4. In deciding whether the disputes before it are within the scope of the arbitration agreement, the court applies "federal substantive law of arbitrability," which requires the court to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S.

614, 626 (1985). A presumption of arbitrability arises when the existence of an arbitration agreement is not in dispute. *See Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25).

Here, there can be no dispute that the Agreement to Arbitrate – which "applies to all disputes involving legally protected rights," whether they be derived under federal state or local statute, contract or the common law – covers Plaintiff's claims. Whether arbitration is required is a matter of contract interpretation and a question of law for the court. *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.2d 956, 964 (10th Cir. 2001). The court looks to the plain language of the agreement to determine whether it is broad or narrow and, accordingly, whether the dispute is covered by the agreement. *Newmont USA v. Insurance Co. of North America*, 615 F.3d 1268, 1274-75 (10th Cir. 2010). The Arbitration Agreement here is particularly broad because it covers all disputes arising out of Plaintiff's employment. *See Cummings v. FedEx Ground Package Sys., Inc.*, 404 F.3d 1258, 1262 (10th Cir. 2005) (a broad arbitration provision is one that "refer[s] all disputes arising out of a contract to arbitration"). When an arbitration provision has such breadth, it gives rise to "a presumption of arbitrability." *Id.* at 1261.

The language in the Agreement to Arbitrate is more than broad enough to capture Plaintiff's Title VII discrimination and retaliation allegations.

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION
AND OPENING BRIEF IN SUPPORT**

**2. No Grounds Exist Under Oklahoma Contract Law Not to Enforce the Arbitration Agreement.**

Once a court establishes that a claim is within the scope of an arbitration agreement, the agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract."  9 U.S.C. § 2; *accord Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010).

There are no such grounds here.  The Agreement is written in clear, easily understandable language; it contains no unenforceable fee-splitting provision,[1] *see Shankle v. BG Maintenance Mgmt.*, 163 F.3d 1230, 1234-35 (10th Cir. 1999); it does not require either party to surrender statutory rights, *see Shankle*, 163 F.3d at 1234 (citing *Graham Oil Co. v. ARCO Prod. Co.,* 43 F.3d 1244, 1248-49 (9th Cir. 1994), *cert. denied,* 516 U.S. 907 (1995)); it does not seek to limit an award of Title VII damages, see *Shankle,* 163 F.3d at 1234 (citing *Paladino v. Avnet Computer Technologies, Inc.,* 134 F.3d 1054, 1060 (11th Cir. 1998)); it permits the parties to conduct discovery, choose a mutually agreeable neutral arbitrator and file a charge with the EEOC; and it is mutual, in that it requires both parties to arbitrate claims arising out of the employment relationship, *see Edwards v. Blockbuster Inc.*, 400 F. Supp. 2d 1305, 1309 (E.D. Okla. 2005)).

---

[1] While the agreement is silent as to payment of the arbitrator's fees and administrative expenses, Brinker agrees to pay such fees and expenses in full. *See* Gravens Decl. ¶ 13.

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION AND OPENING BRIEF IN SUPPORT**

Accordingly, the Agreement to Arbitrate is a valid agreement to arbitrate the types of claims Plaintiff asserts in this case on an individual basis.  Indeed, the Agreement has been enforced by courts in several other jurisdictions, of which the Court may take judicial notice.  *See* Exhibit 2, Declaration of Michael DePonte, Exhibit 2-1 (*Hickey v. Brinker Int'l Payroll Co,, L.P.*, No. 1:13-cv-00951, 2014 U.S. Dist. LEXIS 20387 (D. Colo. Feb. 18, 2014)); Exhibit 2-2 (*Johnson v. Brinker Int'l Payroll Co,, L.P.*, No. C13-1090-JCC (W.D. Wash. Oct. 22, 2013)); and Exhibit 2-3 (*Eldred v. Brinker Int'l, Inc.*, No. 56-2011-00403808 (Cal. Sup. Ct. Oct. 16, 2012)).   Given the strong public policy favoring the enforcement of arbitration agreements according to their terms, Defendant respectfully submits that the Court is bound to give effect to the parties' agreement and compel Plaintiff to pursue these pending employment-based claims in arbitration.

Because all claims are arbitrable, dismissal is warranted.  *See Hickey*, 2014 U.S. Dist. LEXIS 20387, *15 (citing *Armijo v. Prudential Insurance Co.*, 72 F.3d 793, 797 (10th Cir. 1995)).  In the alternative, Brinker asks that this action be stayed.

### III.    CONCLUSION

For all the foregoing reasons, Brinker respectfully requests that this Court grant its motion, require Plaintiff to resolve her dispute with Brinker in an arbitral forum in conformity with the Agreement to Arbitrate and dismiss this action.

        Respectfully submitted,

        */s/ JoAnne Deaton*
        Jo Anne Deaton
        OBA No. 5938
        jdeaton@rhodesokla.com
        RHODES HIERONYMUS JONES TUCKER & GABLE
        Williams Center Tower II
        Two W. 2nd Street, Suite 1000
        Tulsa, OK  74103
        PH:    (918) 582-1173
        FX:    (918) 592-3390

        And

        Michael J. DePonte (to be admitted *pro hac vice*)
        Texas Bar No. 24001392
        *depontem@jacksonlewis.com*
        Allyson L. Johnson (to be admitted *pro hac vice*)
        Texas Bar No. 24054005
        johnsona@jacksonlewis.com

        **JACKSON LEWIS P.C.**
        500 N. Akard, Suite 2500
        Dallas, Texas 75201
        PH:  (214) 520-2400
        FX:  (214) 520-2008

        ATTORNEYS FOR DEFENDANT

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**
**AND OPENING BRIEF IN SUPPORT**

## CERTIFICATE OF SERVICE

      I certify that on July 13, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Counsel for Plaintiff, Charles T. Battle, The Battle Law Firm, PLLC, 1415 N.W. 43rd Street, Oklahoma City, OK 73118.

      /s/ *JoAnne Deaton*
      ONE OF COUNSEL

4812-7977-2212, v. 1

**DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION AND OPENING BRIEF IN SUPPORT**