IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAMYRA T. TALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CIV-16-451-W |
| ) | |
| BRINKER INTERNATIONAL PAYROLL ) | |
| COMPANY, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT AND DECLARATION OF PLAINTIFF SHAMYRA T. TALLEY

STATE OF OKLAHOMA   )
                    ) SS:
COUNTY OF OKLAHOMA  )

I, Shamyra Talley, of lawful age, being first duly sworn upon oath and under penalty of perjury, depose and state as follows:

1. That I am the Plaintiff named in the above-captioned case.

2. At all times that I was employed by Defendants Brinker Oklahoma, Inc., Brinker International Payroll Company, L.P., and Brinker International, Inc. (collectively referred to as "**Defendants**"), I believed that I was an employee of Chili's.

3. I believed I was an employee of Chili's because Chili's trademark is on my paystubs and Chili's signs are on the front of the restaurants that I worked at all times relevant to this lawsuit.

4. Prior to the commencement of this lawsuit, I was not aware of any of the Defendants.

**PLAINTIFF'S EXHIBIT "1"**

5.   That on or about January 10, 2006, I applied to be employed at a Chili's Restaurant located at 5301 N. Classen Blvd., Oklahoma City, OK ("**Belle Isle Chili's**"). At the time I applied, I was nineteen (19) years old.

6.   Although I do not recall reviewing and signing the Arbitration Agreement dated January 10, 2006, attached hereto as **Exhibit "3"** the signature at the bottom appears to be my handwriting.

7.   I began my employment at the Belle Isle Chili's shortly thereafter. I was hired as a waitress/hostess.

8.   On or about May, 2006 I discontinued my employment with Defendants'.

9.   I returned to work for Defendants as a waitress at the Belle Isle Chili's in 2008. I do not recall if I reviewed and/or signed an arbitration agreement when I was hired at that time.

10.  On or about Summer, 2008 I voluntarily discontinued my employment with Defendants.

11.  Thereafter, I was re-hired as a waitress by Defendants at their Chili's Restaurant located at 3601 W. Memorial Road, Oklahoma City, OK ("**Quail Springs Chili's**"). I began my employment on or about June 4, 2014.

12.  I do not recall reviewing and/or signing the arbitration agreement dated June 4, 2014 attached **Defendants' Exhibit 1** at 1-2, Arbitration Agreement dated June 4, 2014 (Doc. No. 5-1) ("**2014 Arbitration Agreement**").

13. At Quail Springs Chili's, Mr. Satterwhite was the general manager and my immediate supervisor was Heather Wright ("**Ms. Wright**").

14. On or about July or August, 2014 a cook employed by Defendants grabbed my breasts without my consent.

15. I informed my immediate supervisor, Ms. Wright, about the incident. To my knowledge, the Ms. Wright immediately terminated the cook.

16. After the aforementioned incident, Mr. Satterwhite inappropriately stated that he "wished he had grabbed my breasts". I was offended by Mr. Satterwhite's comment.

17. Also, Cameron Martin ("**Mr. Martin**") and Cervante Edwards ("**Mr. Edwards**"), waiters employed by Defendants who worked with Plaintiff at the Quail Springs Chili's, referred to Plaintiff and another female co-worker as "thickems". I was also referred to as "big booty Judy" by Mr. Martin and Mr. Edwards.

18. The aforementioned nicknames were inappropriate and unwanted sexual advances. I was offended by the comments.

19. I was also subject to inappropriate comments by Mr. Satterwhite. Mr. Satterwhite would tell me that I was "beautiful" and that he wanted me to "suck his dick".

20. Frustrated and overwhelmed by the hostile work environment, I met with Chris Gravens about the aforementioned issues. Thereafter, I was transferred by Defendants to the Bell Isle Chili's.

21. I also filed a charge of discrimination with the Equal Employment Opportunities Commission or about July 21, 2015. Thereafter, I commenced this Lawsuit on or about May 2, 2016.

3

22. I did not know what arbitration was until I received Defendant's Motion to Dismiss and Compel Arbitration and Opening Brief in Support [Doc No. 5].

23. If I had known what arbitration was, and if I had known that I was waiving my right to a jury trial under Title VII, I would not have signed an arbitration agreement.

24. Attached as **Exhibit "6"**, are recent paystubs from my employment with Defendants. Also attached as **Exhibit "5"**, is my 2015 tax return. Last year I grossed $19,388.00 for the entire year. On average, I net $1,524.85 a month.

25. At this time, I have no income as I am pregnant with my second (2nd) child and I have been placed on maternal leave.

26. I estimate that I would likely incur between $2,000.00 and $13,500 in costs simply paying for the arbitrator's time.

27. As such, I cannot afford to pay any portion of the costs of arbitration and nor could I afford to pay an attorney to represent me in an arbitration proceeding.

28. If I am required to pay any costs of arbitration and/or my attorney fees, then I would not be able to pursue my rights under Title VII of the Civil Rights Act of 1964.

**FURTHER AFFIANT SAYETH NOT!**

_____
Shamyra T. Talley

SUBSCRIBED AND SWORN to before me, a Notary Public, this 2nd day of ~~July~~ August, 2016.

_____
Notary Public

(Seal)

WARREN BERNARD ALARKON
Notary Public, State of Oklahoma
Commission # 16001893
My Commission Expires February 22, 2020